Goldsmith, Deputy Attorney General on behalf of the Comptroller of the State of California. How are you? Fine, thank you. How are you? Plaintiffs can choose their lawsuits, but defendants can't. And recognizing that the defendants have a different burden They can settle. Pardon me? They can settle. To some extent they can. That's true. Recognizing that there is a different burden that has been set forth by the U.S. Supreme Court in Christiansburg garment company case we believe that the Comptroller has met the burden for attorney's fees in this case and Well, you have an extraordinarily, just like in the last case you have an extraordinarily heavy burden to carry. This is an exercise of discretion on the part of the district judge and it is moreover the kind of discretion which is denying fees to the government the government entity in the 1983 case, under 1988 that, so the presumption is against awarding fees to begin with so it is particularly strong presumption that attaches to the district court's decision not to award fees. What have you done that's so extraordinary? Well, we have the facts, I believe, are completely on our side and in warranting the fees Oh, but you need a law too. And we also have, I believe, an abuse of discretion when the district court You had a prior appeal where we held that the case was moot, right? Yes, your honor. Okay. Now, we published an opinion, right? Yes, your honor. Okay, so we didn't think it was so frivolous that we needed to dismiss it in an unpublished disposition Normally, when we publish an opinion under our rules, it's because there is no binding authority and the result is not obvious or in another way, we usually do not publish an opinion when the result is obvious or it's a straightforward application of existing law to a somewhat different set of facts. That didn't happen in the last case. We published an opinion. You did, your honor. You don't think that that alone makes the matter debatable enough to have warranted a plaintiff, I guess, a plaintiff sticking it through and seeing whether maybe he'd succeed? Well, your honor, the court in the published opinion in San Lazaro remanded the case for the district court to consider the defendant's motion for attorney's fees in light of its decision And so I think that clearly indicates that the court did not think that it was a settled matter. Well, there are two aspects, are there not, to the fee application? One is frivolousness in the initiation of the suit. And the other issue is whether there was frivolousness in the continuation of the suit after the association withdrew from the industry. Do you make a distinction between those two? Yes. Yes, your honor. First of all, I just want to point out that in the San Lazaro case that the San – there were four consolidated appeals in that case. And it was only San Lazaro that was a case against only the controller. The other cases were against the controller and the Department of Health Services. And in San Lazaro, and I'll get to responding to you as part of what I'm going to say, the facts are really important because the plaintiff, San Lazaro, brought an action against the controller. The plaintiff alleged that the controller could not, under Medicaid law, audit the provider's claims and that also that the controller could not withhold the money. The controller was not withholding the money. That makes this case different than the other cases that were before the court. In the other cases, it was the Department of Health Services, and it was alleged that the Department of Health Services was withholding the money. In this case, it was the Department of Health Services that was withholding money. So the controller wasn't withholding money. And the district court did not find in the plaintiff's favor on the issue of auditing. The plaintiff asked for a TRO and also a preliminary injunction to prohibit the controller from auditing, and the district court judge denied both of those. But the focus on what happened after the remand. Right. After the remand, the judge then issued a brief order in which he said that there are two questions, whether it's frivolous at inception or frivolous at some later point. And then the judge said that defendant has failed to establish the plaintiff's initial claim was frivolous. That's correct. The judge is obviously making a – focusing on the initial claim. Is there anything in the proceedings with respect to the remand which indicates attention given to the subsequent stage of the litigation? No. There is no indication as to what happened. The subsequent being that the four months, approximately four months after filing the complaint in this case, the plaintiff closed its laboratory, voluntarily relinquished its license. And it was that and the court so held in San Lazaro that made the case moot. And the district court judge agreed with that. Why did it do that? Because the – Because they couldn't post a $500,000 bond? Well, it made – no. It made the case moot because this was a case for declaratory and injunctive relief and, you know, against a state agency. But why did they – why did they do that? Oh, why did they cancel? Yeah. Well – Weren't they required to post a bond? They were required to post a bond. How much was the bond? It was – I think it was $500,000. I'm not sure. Don't they identify that as the reason why they had to pull out? But there's no evidence in the record to that effect. And, in fact, what the preliminary injunction did was – Did they post the bond? They didn't post the bond, no. That's some evidence, isn't it? No. Well, four months later, the controller was not stopped from – Schoenberg says unless the court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate, which is where we are here, after it clearly became so, it being the claim, clearly became so. Why does a claim clearly become unreasonable, groundless, or frivolous just because the case is mooted? Because – because the plaintiff could no longer obtain the relief that it sought in the lawsuit. And – So the claim, therefore, is frivolous? It became that – it became that way when the – when they canceled their laboratory license because they were no longer doing business. So it didn't – they could no longer get the – you know, get injuncted relief. So that makes it frivolous? Well, it – it – they no longer had a claim. Does it make it frivolous? Well, at that point, it certainly – Frivolous. We know what frivolous means. If you don't agree that it was frivolous to begin with, and I never quite got to the end of that argument, but if – if you don't agree to that, then the – Christiansberg says that a case may become frivolous at a certain point in time, and – and that is what I argued as an alternative, that even if you don't agree that it was frivolous from the beginning, and I think based on the facts it was, that at the point where they canceled their laboratory license, they could get nothing more from – from the lawsuit, and they continued to litigate it. That's where – that's where the second stage comes in that Judge Seward – Was that true regardless of the reason why it – they withdrew from the industry? Well, I don't – I don't believe that they canceled their license for that reason. Four months – within – within a few months, like they canceled it at the end of November. Early the following year, before they ever filed their motion for summary judgment, the – the Comptroller's Office, which was not prohibited from – from continuing with its audit, determined that the provider was overpaid over $5.5 million, and they never repealed that determination. Now, I – it seems like they'd have plenty of money to post a bond. It seems? Is there any evidence of that? That they would have the money to post the bond? Yeah. Well, there's no – no. But, I mean, they had all that overpayment. It's – it's likely that they had enough money as to just assume that they didn't. Likely. Is that on the record? No, Your Honor. But – but – but going back to the – what they got on that preliminary injunction, there was no reason for them to post the bond, because what it did, it did not stop the Comptroller from auditing. The – the injunction only stopped – only said that the Comptroller could not withhold the money that the Comptroller was withholding. But, in fact, and this is in the record, the – the Comptroller wasn't withholding any money. It was the State Department of Health Services. And I think, you know, they – that's another reason why the plaintiff was not going to gain anything from this lawsuit, because – because they could get preliminary injunction against the Comptroller, but the Department of Health Services is the single State agency that was withholding the Medi-Cal payments. You're over time. We'll hear from the opposing counsel. May it please the Court, Patrick Hooper, for San Lazaro. Your Honors, not only was this lawsuit not frivolous, San Lazaro prevailed at each You make a point. You persuasively argue in your brief that – that fee determinations are peculiarly something within the province of the district court. Yes. Now, this Court remanded to the district court, and the judge said that there are two issues, frivolous at its initiation and continuation after a point when it was frivolous to continue. And the judge then explicitly said defendants failed to establish Plaintiff's initial claim was frivolous, but said nothing about the subsequent stage. I agree, Your Honor. That – that order is – I wish he had written and said both before and after. I think it's implicit, though, when he said – I think this is what Judge Trotter was getting at. Oh, Judge Trotter, I'm sorry. Was getting at that the claim was not frivolous at the beginning, and it could not have become frivolous simply because the case became moot. Why? Because the claim was that this controller was acting unlawfully under Federal law, and the district court had concluded that that. And what – what remedy could there have been to the – to the association after it withdrew from the industry? Well, let me point out what I argued to the trial judge, if I could, Your Honor, because I think this will help. This will take us back to this. One moment, please. And – and before I get that exact page, I want to tell you the government. You could just tell us, Your Honor. You know, when – Oh. Oh.   Oh.   Oh. Oh. Oh. Oh.  Oh. Oh.  Oh.                          Well, let me just finish, and then if you get the answer 5 minutes later, we don't even remember what the question was. Okay. Now, what I argued was this. The audit that was conducted by the controller, and it's not true at all, by the way. The court prohibited the controller from doing any audits. The audit that was conducted by the controller was of a specified period of time. This laboratory had operated for 4 years. There was nothing to stop the controller from going back, even though the laboratory was no longer operating, the corporation still existed. There was absolutely nothing to keep the controller if the court didn't stop the controller from going back and re-auditing other periods that were not audited before. And then there was also the potential that the controller could turn a case like this over to other government authorities. Even if we – When you say other, you mean like criminal? FBI, yes, or something like that. And it was very convenient because this was not the only case. I understand your answer. I just want to make sure I knew what you were talking about. I want to come back to the principle that you advocate, which I think we all concur in, that this determination as to whether a fee should be awarded for the subsequent period is a determination which should in the first instance be made by the district court. And I don't see anything in the order or in the record of the proceedings before the district judge after remand to indicate that there was a focus on that issue. Well, I will – and I know Your Honors have it in the clerk's transcript that page So the sentence before the judge says while this was not clearly frivolous, the court does focus on the situation. Initial claim. I understand. Initial. I mean, the judge makes that distinction and says the initial claim, defendant has not shown the initial claim was frivolous and is silent about the subject matter. And I agree, Your Honor, and I think therefore every benefit of the judgment, every benefit to uphold the order, which is where I think we are at before the Ninth Circuit, must be given to the district court's order. And therefore I think we have to imply that because the court said the initial claim was not frivolous, that it therefore did not become frivolous once the license was surrendered. And let me just say one more. Let me make an argument for you. I think it in Christianburg or the plaintiff continued to litigate after it clearly became so, an initial claim are the same. When he says it, he's talking about the initial claim. And that's what Christianburg says, it. And that's where I was trying to refer to what Your Honor was getting at. I agree with that. I just think it would have been a nicer order. It means the initial claim. I think it would have been a nicer order if he had said and it never became. And I will tell you, Your Honor, the judge, this very same district court judge, granted attorney's fees to the plaintiff after it became moot. So I don't think a judge or a catalyst enforced this. Yes, under the Williams case in the Ninth Circuit. And I will tell you, and I can give you the site, five different times I looked last night in this record, the controller made these identical arguments that she's making today to this district court judge. The district court knew very well that the controller always felt the case was frivolous, even though she lost, except in the Ninth Circuit. The problem is the controller made the argument and the judge verbally, on the record, seemed to agree with the argument. And then the case disappeared for a year. I don't know what happened then. If you ask the question again and answer a year later, you wonder whether anybody remembered the question. I agree. It's a lot of confusion. I agree. The argument is, what happened? I don't know whether. He said that, yeah, that looks like a good argument. A year later, in two sentences, it evaporates. Well, and I agree with that. But then when I went back and read what the judge was saying that day, I think the judge – it was a status conference. It was not the motion for the attorney's fees. And I think the judge was talking about – I think he read the civil rights statute to say if you're a prevailing party, regardless of whether you're a plaintiff or a defendant, you should get attorney's fees. Judges have a right to change their mind. Yes. I don't think you can ever suppose what a district court – especially a district court judge has said. So I don't think I have anything else. Thank you very much. Okay. Thank you. KHSI. You will stand submitted. We'll next hear argument in the next case on the calendar, which is Perry v. Cross.
judges: Kozinski, Trott, Sand